## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2838** |
| **BURL CAIN** | **SECTION "A"(2)** |

### TRANSFER ORDER

Petitioner, DONALD WILLIAMS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1985 state court conviction and sentence.  To support his challenge, petitioner alleges that he was denied the right to confront and cross examine a witness at trial.

A review of this Court's records reflects that petitioner filed four prior petitions for writ of habeas corpus related to the same conviction and sentence, entitled,  Donald R. Williams v. John P. Whitley, Civil Action 92-1066 "A"(2), Donald Williams v. Burl Cain, Civil Action 98-1922 "A"(2), Donald Williams v. Burl Cain, Warden, Civil Action 01-0052 "A"(2), and Donald Williams v. Burl Cain, Warden, Civil Action 03-0847 "A"(2).

In his first petition, petitioner raised the following grounds for relief:

1)      Denial of effective assistance of counsel at trial and on appeal;

2)      Insufficient evidence to convict;

3)    The prosecutor failed to inform the jury and defense counsel that a witness testified on behalf of the State as a result of a "deal" made with the State.

That petition was dismissed with prejudice on the merits by Judgment entered April 9, 1992.  On December 2, 1992, the United States Fifth Circuit Court of Appeals affirmed the judgment.

In his second petition, Civil Action 98-1922, petitioner raised one claim of denial of effective assistance of counsel on appeal.  That petition was construed as a request to file a second or successive petition and was transferred by this Court to the United States Fifth Circuit on August 17, 1998.  On September 24, 1998, the Fifth Circuit denied the request to file a second or successive petition.

In his third petition, Civil Action 01-0052, petitioner alleged that he was denied effective assistance of counsel, that he was entitled to the production of certain documents from the State, and that his conviction and sentence violated the U.S. Constitution and the Louisiana Constitution.  The petition was also construed as a request to file a second or successive petition and was transferred to the Fifth Circuit on January 17, 2001.  The Fifth Circuit denied the request on February 4, 2001.

In his fourth petition, Civil Action 03-0847, petitioner alleged that he was denied effective assistance of counsel and that he was denied the right to appeal.  The petition was construed as a request to file a second or successive petition and was transferred to the Fifth Circuit on April 4, 2003.  The Fifth Circuit denied the request on May 23, 2003.

The petition presently before the Court is considered to be  a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)      the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)      (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that DONALD WILLIAMS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

June 6, 2006

_____
UNITED STATES DISTRICT JUDGE